**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br>TELECOM RELAY SERVICES, INC., A COR<br><br>Debtor(s) | CHAPTER 7 CASE<br><br>CASE NO. 05-29983 BL<br><br>JUDGE Bruce W. Black(Joliet) |

**NOTICE OF FILING OF THE TRUSTEE'S FINAL REPORT, HEARING ON APPLICATIONS
FOR COMPENSATION, AND HEARING ON THE ABANDONMENT
OF PROPERTY BY THE TRUSTEE**

TO the Debtor(s), Creditors, and other Parties in Interest:

1. NOTICE IS HEREBY GIVEN that the Trustee of the above captioned case has filed a Trustee's Final Report and final applications for compensation. A hearing will be held.

    At:  Will County Court Annex
         57 N. Ottawa Street, Courtroom 201
         Joliet, Illinois 60432

    on:  **February 20, 2009**
    at:  **9:15 a.m.**

2. The hearing will be held for the purpose of ruling on any objections to the Final Report, ruling on applications for compensation and expenses and any objections to the pending applications and transacting such other business as may be properly noticed before the Court. ATTENDANCE BY THE DEBTOR AND CREDITORS IS WELCOMED BUT IS NOT REQUIRED.

3. The Trustee's Final Report shows total:

    a. Receipts                                $          20,624.45

    b. Disbursements                           $               0.00

    c. Net Cash Available for                  $          20,624.45
    Distribution

4. Applications for Chapter 7 fees and administrative expenses have been filed as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses Now Requested |
|---|---|---|---|
| MICHAEL G. BERLAND (Trustee Fees) | | 0.00 | $2,812.28 |

5. Applications for Chapter 11 fees and administrative expenses have been filed as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses Now Requested |
|---|---|---|---|

6. In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in full for there to be any dividend to general unsecured creditors. The priority dividend is anticipated to be 0.00%.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amount of Claim | Proposed Payment |
|---|---|---|---|

7. Claims of general unsecured creditors totaling $567,806.01 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The general unsecured dividend for timely filed claims is anticipated to be 3.14%.

Allowed general unsecured claims are as follows:

| Claim Number | Claimant | Allowed Amount of Claim | Proposed Payment |
|---|---|---|---|
| 1 | Midwest Tower Partners, LLC | $ 567,806.01 | $ 17,810.55 |
| 2 | Frank Anderson | $ 5,700.00 | $ 0.00 |
| 3 | MEDIACOM LLC | $ 4,560.00 | $ 0.00 |

8. Proposed dividends are approximations. Actual dividends may differ due to interest accrual, fee reductions, or as ordered by the Court.

9. The Trustee's Final Report and all applications for compensation are available for inspection at the office of the

>Clerk of the Bankruptcy Court, Dirksen Federal Courthouse, 219 S. Dearborn Street, 7th Floor, Chicago, Illinois 60604, or may be viewed on the Court's web site, *www.ilnb.uscourts.gov*. If no objections are filed, the Court will act on the fee application(s) and the Trustee may pay dividends pursuant to Federal Rule of Bankruptcy Procedure 3009 without further order of Court.

10.   Debtor has not been discharged.

11.   The Trustee proposed to abandon the following property at the hearing:

   The Trustee proposes to abandon at the final hearing certain microwave equipment which were not even listed in the initial schedules and then included with a listed value of $8000.The Trustee believes this equipment has no value. The Trustee had Don Dodge of American Auctions review the value of equipment and it was his opinion that it would be cost prohibitive to conduct any type of public auction sale and that expenses to conduct the sale would exceed the recovery value

   The Trustee also proposes to abandon at the final hearing the FCC licenses which were originally listed for $400 and then the schedules were amended to reflect a value as $500 and then further amended to show a value of $155,00. The attorney for the sole creditor believes the licenses have no value and did not want the Trustee to spend more than $200 of estate funds to sell the FCC licenses. The Trustee and efforts to sell the FCC licenses and was told they had no or little value. He was told by a representative of Fiber Tower, who the Trustee contacted, that these licenses were routinely available for a $2000 application fee and had zero value to entities who did not possess specific business interests at the locations shown on the licenses. Furthermore he was advised that must be returned to the FCC when there is an extended service disruption. When the Trustee contacted the attorney, who had represented that FCC licenses had value by giving an appraisal, which was attached to the amendment listing the licenses as having a value of $155,000, he initially said he would cooperate in the Trustee's attempts to sell the FCC license. After that, the Trustee made repeated written and telephonic efforts to reach him and received no response of any kind.

Dated: January 27, 2009             For the Court,
       _____

                                    KENNETH S. GARDNER

                                        Kenneth S. Gardner
                                        Clerk of the U.S. Bankruptcy Court
                                        219 S. Dearborn Street; 7th Floor
                                        Chicago, IL  60604

Trustee:    MICHAEL G. BERLAND
Address:   1 NORTH LASALLE STREET
             STE 1775
             CHICAGO, IL  60602
Phone No.: (312) 855-1272