**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br>TELECOM RELAY SERVICES, INC., A COR<br><br>Debtor(s) | CHAPTER 7 CASE<br><br>CASE NO. 05-29983 BL<br><br>JUDGE Bruce W. Black(Joliet) |

**NOTICE OF FILING OF THE TRUSTEE'S FINAL REPORT, HEARING ON APPLICATIONS
FOR COMPENSATION, AND HEARING ON THE ABANDONMENT
OF PROPERTY BY THE TRUSTEE**

TO the Debtor(s), Creditors, and other Parties in Interest:

1. NOTICE IS HEREBY GIVEN that the Trustee of the above captioned case has filed a Trustee's Final Report and final applications for compensation. A hearing will be held.

   At: Will County Court Annex
   57 N. Ottawa Street, Courtroom 201
   Joliet, Illinois 60432

   on: **February 20, 2009**
   at: **9:15 a.m.**

2. The hearing will be held for the purpose of ruling on any objections to the Final Report, ruling on applications for compensation and expenses and any objections to the pending applications and transacting such other business as may be properly noticed before the Court. ATTENDANCE BY THE DEBTOR AND CREDITORS IS WELCOMED BUT IS NOT REQUIRED.

3. The Trustee's Final Report shows total:

   a. Receipts                              $         20,624.45

   b. Disbursements                         $              0.00

   c. Net Cash Available for                $         20,624.45
   Distribution

4. Applications for Chapter 7 fees and administrative expenses have been filed as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses Now Requested |
|---|---|---|---|
| MICHAEL G. BERLAND (Trustee Fees) | | 0.00 | $2,812.28 |

5. Applications for Chapter 11 fees and administrative expenses have been filed as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses Now Requested |
|---|---|---|---|

6. In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in full for there to be any dividend to general unsecured creditors. The priority dividend is anticipated to be 0.00%.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amount of Claim | Proposed Payment |
|---|---|---|---|

7. Claims of general unsecured creditors totaling $567,806.01 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The general unsecured dividend for timely filed claims is anticipated to be 3.14%.

Allowed general unsecured claims are as follows:

| Claim Number | Claimant | Allowed Amount of Claim | Proposed Payment |
|---|---|---|---|
| 1 | Midwest Tower Partners, LLC | $ 567,806.01 | $ 17,810.55 |
| 2 | Frank Anderson | $ 5,700.00 | $ 0.00 |
| 3 | MEDIACOM LLC | $ 4,560.00 | $ 0.00 |

8. Proposed dividends are approximations. Actual dividends may differ due to interest accrual, fee reductions, or as ordered by the Court.

9. The Trustee's Final Report and all applications for compensation are available for inspection at the office of the

>Clerk of the Bankruptcy Court, Dirksen Federal Courthouse, 219 S. Dearborn Street, 7th Floor, Chicago, Illinois 60604, or may be viewed on the Court's web site, *www.ilnb.uscourts.gov*. If no objections are filed, the Court will act on the fee application(s) and the Trustee may pay dividends pursuant to Federal Rule of Bankruptcy Procedure 3009 without further order of Court.

10. Debtor has not been discharged.

11. The Trustee proposed to abandon the following property at the hearing:

The Trustee proposes to abandon at the final hearing certain microwave equipment which were not even listed in the initial schedules and then included with a listed value of $8000.The Trustee believes this equipment has no value. The Trustee had Don Dodge of American Auctions review the value of equipment and it was his opinion that it would be cost prohibitive to conduct any type of public auction sale and that expenses to conduct the sale would exceed the recovery value

The Trustee also proposes to abandon at the final hearing the FCC licenses which were originally listed for $400 and then the schedules were amended to reflect a value as $500 and then further amended to show a value of $155,00. The attorney for the sole creditor believes the licenses have no value and did not want the Trustee to spend more than $200 of estate funds to sell the FCC licenses. The Trustee and efforts to sell the FCC licenses and was told they had no or little value. He was told by a representative of Fiber Tower, who the Trustee contacted, that these licenses were routinely available for a $2000 application fee and had zero value to entities who did not possess specific business interests at the locations shown on the licenses. Furthermore he was advised that must be returned to the FCC when there is an extended service disruption. When the Trustee contacted the attorney, who had represented that FCC licenses had value by giving an appraisal, which was attached to the amendment listing the licenses as having a value of $155,000, he initially said he would cooperate in the Trustee's attempts to sell the FCC license. After that, the Trustee made repeated written and telephonic efforts to reach him and received no response of any kind.

Dated: January 27, 2009            For the Court,

_____

                                                KENNETH S. GARDNER

                                        Kenneth S. Gardner  
                                        Clerk of the U.S. Bankruptcy Court  
                                        219 S. Dearborn Street; 7th Floor  
                                        Chicago, IL  60604  

Trustee:     MICHAEL G. BERLAND  
Address:    1 NORTH LASALLE STREET  
                STE 1775  
                CHICAGO, IL  60602  
Phone No.:  (312) 855-1272

# CERTIFICATE OF NOTICE

```
District/off: 0752-1           User: amcc7                  Page 1 of 1                   Date Rcvd: Jan 27, 2009
Case: 05-29983                 Form ID: pdf002              Total Served: 12

The following entities were served by first class mail on Jan 29, 2009.
db           +Telecom Relay Services Inc  a Corporation,   P O Box 3999,    Joliet, IL 60434-3999
aty          +George M Stuhr,   Stuhr & Drell,   54 N Ottawa St - Ste 200,   Joliet, IL 60432-4351
aty          +Michael G Berland,   Law Offices of Michael G. Berland,   One N Lasalle St, #1775,
               Chicago, IL 60602-4065
tr           +Michael G Berland,   1 N LaSalle St, No.1775,   Chicago, IL 60602-4065
10724404     +Deborah Ebner,   on behalf of Frank Anderson,   11 E Adams St #800,   Chicago IL 60603-6324
9635807      +FRANK B  ANDERSON,   15404 W  151ST ST,   HOMER GLEN IL 60491-6737
9635808      +GEORGE M  STUHR,   54 NORTH OTTAWA ST  STE  200,   JOLIET IL 60432-4351
9635809      +MEDIA COM  LLC,   100 CRYSTAL RUN ROAD,   MIDDLETOWN NY 10941-4048
9635810      +MEDIACOM  LLC,   100 CRYSTAL RUN ROAD,   MIDDLETOWN NY 10941-4048
9635811      +MIDWEST TOWER PARTNERS  LLC,   733 15TH AVENUE,   SUITE 600,   WASHINGTON  DC 20005-2156
9958551       Midwest Tower Partners, LLC,   dba Liberty Towers,   Jason M Torf - Schiff Hardin LLP,
               6600 Sears Sower,   Chicago IL 60606-6473
9635812       TELECOM RELAY SERVICES  INC,   P O  BOX 3999,   JOLIET IL 60434-3999

The following entities were served by electronic transmission.
NONE.                                                                                             TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jan 29, 2009**                     **Signature:**  _Joseph Speetjens_